PACIFIC ROLLING–MILL CO. v. HAMILTON et al.

(Circuit Court, D. Washington, N. D.    March 31, 1894.)

MECHANICS' LIENS—WHO ENTITLED TO—CONSTRUCTION OF STATUTE.
    A statute gave a lien to any person furnishing materials, etc., to the owner of any building or other improvement, "or his agent," and further declared that "every contractor, subcontractor, architect, builder or person having charge *  *  * either in whole or in part, of any building or improvement shall be held to be the agent of the owner for the purposes of this chapter." 1 Hill's Code Wash. § 1663.   *Held*, that the enumerating words were all qualified by the words "person having charge," etc., and that one who merely contracted with the manager of a construction company, in his individual capacity, to furnish materials for use by the company, and afterwards purchased the materials from plaintiff, was not the agent of the company, so as to entitle plaintiff to a lien.

Bill by the Pacific Rolling-Mill Company against C. L. Hamilton and James Street Construction Company, a corporation, to recover the balance of purchase price of materials used in the construction of the James Street Cable Railway in Seattle, and to establish and foreclose a lien for said balance.   On final hearing.

Mitchell Gilliam, for complainant.
Eben Smith, for defendants.

HANFORD, District Judge.   This is a suit in equity to recover from C. L. Hamilton $6,731.22, being the balance of the purchase price of materials sold and delivered by the complainant to said Hamilton, to be used in the construction of the James Street Cable Railway in Seattle, and to establish and foreclose a statutory lien upon said railway and the power house and real estate connected therewith and appurtenant thereto.   Hamilton has not been served with process, nor appeared to defend.   The James Street Construction Company, owner of the property upon which a lien is claimed, has, after demurring to the bill, answered, contesting the claim to a lien.   Evidence and arguments have been submitted in behalf of the complainant and said defendant.   As to many of the questions argued by counsel I have not formed a definite conclusion. Having found one fatal objection to the lien, it is not expedient for me to pass upon or discuss the other points.   The statute of this state under which the lien is claimed provides as follows:

"Every person performing labor upon or furnishing materials to be used in the construction, alteration or repair, of any mining claim, building, wharf, bridge, ditch, dyke, flume, tunnel, fence, machinery, railroad, wagon road, aqueduct to create hydraulic power, or any other structure, or who performs labor in any mine or mining claim, has a lien upon the same for the work or labor done or materials furnished by each respectively whether done or furnished at the instance of the owner of the building or other improvement, or his agent; and every contractor, sub-contractor, architect, builder or person having charge of any mining or of the construction, alteration or repair, either in whole or in part, of any building or other improvement, as aforesaid, shall be held to be the agent of the owner for the purposes of this chapter." 1 Hill's Code Wash. § 1663.

The vital defect which I find in the complainant's case is in the failure to show that the materials were furnished by it at the in-

stance of the owner of the cable railway, or any agent of the said owner. The bill does not charge that the complainant contracted with the owner directly, but, on the contrary, avers that the materials were sold by it to Hamilton, and this averment is, by the evidence, fully proven. It is alleged that Hamilton was a contractor with the owner, and that the materials were sold to him as such contractor. This is not equivalent to charging that he was an authorized agent of the owner of the cable-railway property upon which a lien is claimed, unless the law constitutes every person who contracts to supply material for a new structure an agent of the owner. I do not, however, intend to rest my decision upon a strict construction of the pleadings. Upon the merits of the case, considering the law and the evidence, I hold that Hamilton was not actually nor constructively an agent of the owner of this cable-railway property for any purpose whatever. He did not contract with said owner, but, on the contrary, refused to deal with the company, both before and after buying the materials. He did enter into a contract in writing with the acting manager of the company in his individual capacity to sell and deliver the materials to him, and at the time of delivering the bills of lading for said materials required as a condition of said delivery that said manager should individually sign a negotiable promissory note, which was given in payment for part of the purchase price. After entering into said contract with the manager to sell to him specified materials, Hamilton bought the same from the complainant. The materials were, by Hamilton's direction, shipped consigned to said manager, but the bills of lading were sent to a bank in Seattle, accompanied by a draft for the sum of $12,970.63, the purchase price, to him. Upon delivery of the bills of lading he received from said manager $8,074.85 in cash and a negotiable note for $4,395.58, leaving unpaid $800 (of the price to the manager), to cover any shortage that might be discovered in the shipment; and took up the draft by paying to the bank $6,485.31 in cash and giving his note for the same amount, the bank receiving payment in that manner under instructions from the complainant. These transactions afford no ground for assuming that the owner of the cable-railway property voluntarily made Mr. Hamilton its agent. He had no charge or control of the work of constructing the cable railway, or any part of it. The most that can be claimed as to his connection with the owner is that he was a subcontractor for supplying part of the materials required for constructing the cable railway.

The complainant's whole case is founded upon an assumption that the statute constitutes a person holding such relation to an owner of a new structure an agent with authority to subject the structure to a lien for the price of materials sold to him. In the statute under consideration the words "contractor" and "subcontractor" are each used as one of a group or class of words each of which is ordinarily and prima facie understood to be descriptive of a person having charge or superintendence of construction work, and the enumeration concludes with the general phrase, "or person having charge of any mining or of the construction, altera-

tion or repairs, either in whole or in part, of any building or other improvement," which applies to all the persons enumerated and qualifies each, with the same certainty as if the words of the general phrase were inserted and repeated between each of the words, "contractor," "subcontractor," "architect," "builder." Therefore, according to a well-defined rule for construing statutes, a subcontractor, to be an agent of the owner of any building or other improvement by virtue of this statute must be one having charge in whole or in part of the construction, alteration, or repair thereof. U. S. v. Chase, 135 U. S. 255, 10 Sup. Ct. 756.   To so construe this statute as to make a mere vendor of materials the agent of his vendee's vendee with authority to charge the property of the latter with a lien in favor of his vendor, would be extremely unreasonable. Hence my conclusion that, as Mr. Hamilton did not have charge of any part of the cable railway, he was not an agent of the owner of it.

The James Street Construction Company has paid the full value of the materials to one who owned and had lawful right to sell them, and receive said payment.   I find no ground for justly requiring it to pay again.

Decree dismissing the bill, with costs.